UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMSUN CRAWFORD,

                            **Plaintiff,**

         -against-

THE CITY OF NEW YORK, et al.,

                            **Defendants.**
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**09-CV-5318 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion dated December 20, 2011, in which plaintiff's counsel requests permission "to endorse the settlement documents in this case on [his] client's behalf and to deposit [plaintiff's] recovery with the Court," after deducting counsel's (one-third) fee from the $3,500 settlement amount. See Motion for Release of Funds (Dec. 20, 2011) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #19. Plaintiff's counsel claims that he has not heard from his client since May of 2010. See id.

      Defendants oppose the request,[1] citing (1) the two-year delay since Judge Vitaliano closed the case and so-ordered the parties' Stipulation of Settlement;[2] and (2) plaintiff's

---

[1] Some time after the case was closed two years ago, the attorney assigned to defend the action reportedly left the New York area; as a result, defendants did not respond to plaintiff's counsel's motion until after a member of the Court's staff recently made inquiry of a supervisor at the Office of Corporation Counsel.

[2] The case was closed on July 19, 2010, after the parties notified the Court that they had reached an agreement to settle the case; thereafter, they filed their Stipulation of Settlement, which Judge Vitaliano so-ordered on September 13, 2010. See Stipulation of Settlement (Sept. 13, 2010), DE #18. Among other things, the so-ordered Stipulation directed plaintiff to

(continued…)

counsel's failure to cite any legal authority to support counsel's request that he be permitted to sign the settlement documents on his client's behalf and retain one-third of the settlement proceeds. See Memorandum in Opposition (July 27, 2012) at 2, DE #23. Defendants note that plaintiff's counsel does not purport to have a Power of Attorney, nor has he provided the Court with a document from his client, assigning his fees to his counsel. See id.

In his reply to defendants' opposition, plaintiff's counsel faults defendants for their seven-month delay in responding to his motion; he does not, however, explain what efforts he made to consummate the settlement between September 2010 and December 2011, or why he never followed up on his application of December 2011 until after the Court intervened. See generally Reply to Response to Motion (Aug. 2, 2012), DE #24. Nor does he cite any authority for the relief he now requests. With respect to the absence of documentation assigning plaintiff's fees to his counsel, it is no answer to say that plaintiff's counsel "find[s] it offensive in that it seems to imply that [he is] lying about being owed attorneys fees on this case." Id.

In view of the cited deficiencies in the application, this Court recommends that the relief requested by plaintiff's counsel be denied.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Eric N. Vitaliano on or before **August 24, 2012**. Failure to

---

²(...continued)
"execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release . . . and an Affidavit of Status Liens." Id. ¶ 3.

file objections in a timely manner may waive a right to appeal the District Court order.  See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human

Servs., 892 F.2d 15, 16 (2d Cir. 1989).

      The Clerk is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **August 7, 2012**

                          /s/ *Roanne L. Mann*
                          **ROANNE L. MANN**
                          **UNITED STATES MAGISTRATE JUDGE**